IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 18, 2008

## DAVID CANTRELL v. HOWARD CARLTON, WARDEN, AND THE STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County
No. 9211     E. Eugene Eblen, Judge**

---

**No. E2007-01926-CCA-R3-HC - Filed January 5, 2009**

---

Petitioner, David Cantrell, appeals from the Morgan County Criminal Court's dismissal of his petition for writ of habeas corpus. Because the petitioner failed to comply with the procedure defined in Tennessee Code Annotated section 29-21-107, we affirm the habeas corpus court's dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

David Cantrell, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe and Deshea Dulany, Assistant Attorneys General, for the appellees, Howard Carlton and State of Tennessee.

**OPINION**

The procedural history of the petitioner's case was recounted by this court in a recent order:

On January 5, 1989, the petitioner was convicted of second degree murder, two counts of arson, and accessory after the fact to second degree murder. The trial court sentenced the [petitioner] to life for the second degree murder conviction, fifteen years for each arson conviction, and five years for the accessory after the fact conviction. Further, the trial court, finding that the [petitioner] used a firearm in the commission of the murder, enhanced the murder sentence by five years, in accordance with Tennessee Code Annotated section 39-6-1710 (1986). The trial court ordered that "[t]he sentences for arson and accessory after the fact [were] to

be served consecutively, but concurrently with the life sentence. The five-year enhancement [was] mandated consecutive by statute . . . [making the petitioner's] effective sentence . . . life plus forty years." *State v. David Cantrell*, No. 89-272-III, [slip op. at 1 (Tenn. Crim. App., Nashville, July 26, 1990)].

On March 14, 2006, the petitioner filed in the Morgan County Criminal Court a petition for a writ of habeas corpus, as well as two amended petitions. . . .

. . . .

Thereafter, on July 5, 2007, the State filed a motion to dismiss, contending that the petition did not comply with the statutory requirements for habeas corpus petition because the petitioner failed to verify his petition, attach the judgments of conviction, or state whether the instant petition was his first petition for habeas corpus relief. Additionally, the State argued that the petitioner failed to state a basis on which habeas corpus relief could be granted. Upon consideration of the motions, the trial court found that the State's motion to dismiss was well taken. Accordingly, the court dismissed the petition without conducting an evidentiary hearing.

*David Cantrell v. Howard Carlton, Warden, and the State of Tennessee*, No. E2007-01926-CCA-R3-PC, slip op. at 1-2 (Tenn. Crim. App., Knoxville, Aug. 29, 2008) (Order denying State's motion for affirmance under Tenn. Ct. Crim. App. R. 20).

The habeas corpus court granted the State's motion dismissing the petition for writ of habeas corpus on July 19, 2007. The petitioner, apparently without notice of the court's order, filed a third amended petition for habeas corpus relief on July 24, 2007. On August 22, 2007, the petitioner filed a notice of appeal. He hand wrote on the notice, "Please note: Although the above judgment date is 7/19/07, petitioner did not receive said judgment until 8/1/07, due to petitioner being transferred to a different prison petitioner's mail was sent to Morgan Co. Regional Prison, but petitioner did not receive his legal mail until the same was forwarded to this facility, Northeast Correction Complex (NECX). This notice of appeal is therefore timely."

The petitioner appeals from the habeas corpus court citing two grounds. First, he argues that the trial court, during his initial prosecution, "erroneously violated petitioner's right to a sentencing hearing . . . by imposing a sentence of life and 40 years in the absence of a sentencing hearing and by denying petitioner his right to presenting mitigating evidence in support of less punishment." Secondly, the petitioner challenges the habeas corpus court's dismissal of his petition for writ of habeas corpus without "stating in the order the reasons for the dismissal," without "entering any findings of facts and conclusions of law," and without "affording petitioner due process of responding to the reasons for the dismissal before the entry of dismissal of the petition."

The State first argues that petitioner's notice of appeal is untimely and therefore his appeal should be dismissed. The petitioner's notice of appeal was not filed until August 22, 2007, and, accordingly, was untimely. *See* Tenn. R. App. P. 4(c). Even so, Appellate Rule 4(a) provides in pertinent part, "[H]owever, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The notice in this case was untimely by four days. However, in light of the petitioner's representation that such delay was necessitated by his transfer between correctional institutions, we have reviewed the issues raised. All things considered, we believe that the interest of justice will be better served by waiving the timely filing of a notice of appeal.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

A court may summarily dismiss a petition for habeas corpus relief without a hearing or the appointment of counsel when the petition sets forth no facts supporting the issuance of the writ. *See Randall Carver v. State*, No. M2002-02891-CCA-R3-CO, slip op. at 4 (Tenn. Crim. App., Nashville, May 16, 2003); *see* T.C.A. § 29-21-109 (2000).

In the present case, the petitioner fails to state whether he had previously sought habeas corpus relief from the judgments presently being challenged. The State argued to the habeas corpus court and maintains on appeal that the petition should be dismissed because petitioner "has not stated whether this is his first habeas corpus petition or attached copies of any others." We agree. In this situation, he is obliged to attach to his petition "a copy of the [earlier] petition and proceedings thereon . . . or [give] satisfactory reasons . . . for the failure to do so." T.C.A. § 29-21-107(b)(4) (2000). The petitioner in this case has challenged the same convictions via a writ

of habeas corpus prior to his current petition, and he has appealed the denial of his petition to this court. *See David James Cantrell v. State*, No. E2004-01234-CCA-R3-HC, slip op. at 1 (Tenn. Crim. App., Knoxville, Apr. 14, 2005) (granting the State's motion to affirm habeas corpus court's denial of petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals). The procedures authorizing the use of the writ of habeas corpus are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. The statutory procedures for seeking habeas corpus relief are mandatory and must be followed scrupulously. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). Accordingly, prior to considering the petitioner's claimed entitlement to habeas corpus relief, the circuit court was constrained to dismiss the petition because of the petitioner's failure to follow mandatory statutory procedure.

Under the same analysis, the petitioner also failed to comply with Code section 29-21-107(a) by failing to provide a verified petition. T.C.A. § 29-21-107(a). A failure to provide a verified petition provides proper grounds for dismissal. *See Hickman*, 153 S.W.3d at 20-21.

The habeas corpus court, "[a]fter reviewing the petition, the respondent's motion to dismiss, and the record in this case," determined that the petition was "not well-taken" and dismissed the petition for writ of habeas corpus. In light of the foregoing analysis, we affirm the habeas corpus court's dismissal.

_____
JAMES CURWOOD WITT, JR., JUDGE